The relief described hereinbelow is SO ORDERED.

Signed September 30, 2009.



_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

JON KARL MAAS and                         Case No. 09-21053
LINDA SUE MAAS,                             Chapter 13
        Debtors.

**MEMORANDUM OPINION AND ORDER CONFIRMING CHAPTER 13 PLAN**

Creditor Toyota Motor Credit Corporation objects to Debtors' Chapter 13 plan because its 910 car claim[1] in Debtors' prior Chapter 13 case does not qualify as a 910 car claim in Debtors' current case. Toyota argues the Court should equitably toll the 910-car-claim period for the 23 months during which Debtors' first case was pending.

**Findings of Fact**

Debtors purchased a 2003 Chevrolet Trailblazer encumbered by a lien in favor of Toyota on August 14, 2006. Three hundred two days later on June 12, 2007, Debtors filed a Chapter 13 petition (Case No. 07-21249). Toyota filed a proof of claim in the amount of $13,805.59.

---

[1] A 910 car claim refers to the hanging paragraph of §1325(a) which provides special treatment for claims secured by a motor vehicle acquired within 910 days preceding the bankruptcy filing.

09.09.30 Maas 910 Opinion 2d.wpd

Debtors' plan in Case No. 07-21249 provided full payment to Toyota pursuant to §1325(a) because Toyota held a 910 car claim. Case No. 07-21249 was dismissed on March 23, 2009, for failure to make plan payments. Toyota received $1,042.76 toward interest only in the first case.

On April 10, 2009, Debtors filed this case. Toyota's proof of claim still states $13,805.59 is owed. However, Toyota's claim no longer qualifies for 910 treatment because 970 days have passed between the date the car was purchased and the second petition date. Debtors' plan now proposes to pay Toyota $7,300.00 as the value of the vehicle.

Toyota relies solely on *Young v. U.S.*[2] and argues for full payment of its claim amount because the 910-car-claim period of 910 days should have been equitably tolled during the Debtors' prior case.

## Conclusions of Law

The hanging paragraph of §1325(a) requires a claim secured by a motor vehicle purchased within 910 days preceding the bankruptcy filing be paid in full with interest over the duration of the debtors' Chapter 13 plan.[3] Such claims are not subject to §506 and can not be bifurcated into a secured claim equaling the car's value, which would leave an unsecured claim for any deficiency. The hanging paragraph was enacted under BAPCPA[4] to provide more favorable treatment to certain secured creditors, but only for the first 910 days after the debtor acquires a vehicle. The question presented is whether this 910-day period is subject to equitable tolling in the case of successive bankruptcy filings without regard to the debtor's good faith.

---

[2] 535 U.S. 43 (2002).
[3] *In re Jones,* 530 F.3d 1284 (10th Cir. 2008).
[4] In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA").

Three cases have addressed 910 car claims and successive bankruptcy filings; however, equitable tolling was not raised in two cases, and the argument was dispensed with in a footnote in the third.[5] *Murphy* simply stated the 910-day period is not a period during which the creditor must take some steps to protect its rights, so it was not a statute of limitation subject to equitable tolling. Instead, all three cases addressed whether the debtors lacked good faith as repetitive filers. In all three cases, the courts found no evidence of the debtors' lack of good faith, even though the debtors had filed one or more failed cases before the 910-day period had expired.

Equitable tolling only applies to limitation periods.[6] A statute of limitation subject to equitable tolling has two common characteristics: (1) the statute provides a plaintiff/creditor with a specified period of time within which to pursue a claim in order to preserve a remedy; and (2) such period begins when the plaintiff/creditor has or discovers he has a complete and present cause of action. "When these two circumstances exist, a court will often toll a period if it concludes that equitable considerations excuse a plaintiff's failure to take the required action within the time period."[7] Equitable tolling is a rare remedy and usually applied on a case-by-case basis.[8] Equitable tolling is a counterweight to the policies underlying statutes of limitation which are designed to retire stale claims after evidence is lost and memories are faded.[9] Equitable tolling is appropriate where the claimant has diligently pursued his remedies but some action on the defendant's part frustrated his efforts.[10]

---

[5] *In re Walker,* 2008 WL 2559420 (Bankr. M.D.N.C. June 23, 2008); *In re Robinson,* 2008 WL 2095349 (Bankr. D. Kan. May 16, 2008); and *In re Murphy,* 375 B.R. 919 (Bankr. M.D. Ga. 2007).

[6] *Young v. U.S.*, 535 U.S. 43, 49 (2002); *Tidewater Finance Co. v. Williams,* 498 F.3d 249, 244 (4th Cir. 2007).

[7] *Id.* at 256, citing *Young*, 535 U.S. at 50-51.

[8] *In re Randall's Island Family Golf Centers,* 288 B.R. 701, 705 (Bankr. S.D.N.Y. 2003), citing *Warren v. Garvin,* 219 F.3d 111, 113 (2nd Cir. 2000).

[9] *Id.,* citing *Burnett v. New York Central R.R. Co.,* 380 U.S. 424, 428 (1965).

[10] *Young,* 535 U.S. at 50.

Filing a bankruptcy and seeking protection of the automatic stay has been found to be an act justifying equitable tolling. *Young* held that for a Chapter 7 debtor the three-year-lookback period found in §507(a)(8)(A)(I) was tolled during the pendency of debtors' earlier Chapter 13 proceeding. Section 507(a)(8)(A)(I) gives the IRS and other tax creditors eighth priority for unpaid income taxes which came due within three years before the filing of the petition. This subsection combined with §523(a)(1)(A) excepts the taxes from discharge in an individual's Chapter 7 bankruptcy. Section 507 is a limitation period because it prescribes a period in which the IRS must pursue its rights or have its claims discharged. Similarly, the Tenth Circuit suspended the related 240-day period preceding bankruptcy for the IRS to assess the unpaid income taxes during the pendency of a debtor's prior Chapter 13 case.[11]

*Young* applied equitable tolling in the case of successive bankruptcy filings because the Court saw a specific congressional intent being frustrated by closely sequenced bankruptcies. "Congress intended to provide the government a full and unimpeded three years to collect income taxes; it did not intend to leave a loophole for debtors to engage in tax avoidance, as the burden of making up the revenues thus lost must be shifted to other taxpayers."[12] *Young* found back-to-back Chapter 13 and Chapter 7 filings created a loophole because a debtor could file a Chapter 13 petition and keep the IRS at bay with the automatic stay.[13] Once the lookback period expired, the debtors voluntarily dismissed their case and refiled a Chapter 7 seeking to discharge income taxes that were more than three years old. *Young* found the automatic stay of the intervening bankruptcy an extraordinary circumstance, regardless the debtors' intention, which

---

[11] *In re Richards,* 994 F.2d 763 (10th Cir. 1993); 11 U.S.C. §507(a)(7)(A)(ii) (Supp. 1992), now §507(a)(8), granted seventh (now eighth) priority for unpaid taxes assessed within 240 days of the bankruptcy.

[12] *In re Taylor,* 81 F.3d 20, 25 (3rd Cir. 1996) (citing S. Rep. No. 989, 95th Cong., 2d Sess. 14 (1978)).

[13] KENNETH N. KLEE, BANKRUPTCY AND THE SUPREME COURT 115-18 (2008).

- 4 -

kept the IRS from pursuing its legal remedies in the time allowed by Congress. Congress has since closed the loophole, and *Young* was codified in BAPCPA.[14]

The automatic stay of an intervening bankruptcy has been found to justify equitable tolling of other bankruptcy lookback periods. For example, §727(a)(2) prevents a debtor from obtaining a discharge if the debtor is shown to have fraudulently transferred or concealed assets during the year preceding his bankruptcy filing. *Womble* found a debtor should not be allowed to idle in a Chapter 13 for the sole purpose of allowing the §727(a)(2) one-year lookback to expire before seeking a Chapter 7 discharge.[15] Thus, where a debtor files a prior case, dismisses such case, and files a second case shortly thereafter for the apparent purpose of escaping the one-year lookback period, equitable tolling is appropriate.[16] Likewise, the 180-day period of §109(g) is tolled during the pendency of an intervening illegal filing when the debtor intended to use the automatic stay to improperly bar a creditor's collection efforts.[17]

On the other hand, not every lookback period is a limitation period to which equitable tolling can be applied. For example, §727(a)(8)'s eight-year waiting period before a debtor is eligible for another Chapter 7 discharge is not a limitation period subject to tolling.[18] Section 727(a)(8) is not a limitation period because it has no relation to any particular creditor or to the creditor's time to bring a cause of action. Further, equitable tolling is not applicable to statutes of repose such as §727(e)(2)'s one-year limit to revoke a debtor's discharge.[19] Unlike a statute of limitation which begins to run with the accrual of the cause of action, a statute of repose sets

---

[14] 11 U.S.C. §507(a)(8).
[15] *Pher Partners v. Womble (In re Womble)*, 289 B.R. 836 (Bankr. N.D. Tex. 2003).
[16] *Id.* at 853.
[17] *In re Bowman*, 2004 WL 1083256 (Bankr. W.D. Mo. May 11, 2004).
[18] *Tidewater Finance Co.,* 498 F.3d at 254. Pre-BAPCPA, the waiting period was six years. BAPCPA changed it to eight years.
[19] *In re Kohlhorst,* 2008 WL 2970391, at *3 (Bankr. N.D. Ohio July 28, 2008), citing *Lampf, Pleva, Lipkind, Prupis, & Petigrow v. Gilbertson,* 501 U.S. 350, 363 (1991).

- 5 -
09.09.30 Maas 910 Opinion 2d.wpd

an outside limit as to when a cause of action may accrue in the first place.[20] Equitable tolling is inconsistent with statutes of repose.[21]

The 910-car-claim provision is not a statute of limitation. As *Murphy* noted, the creditor need not take any action within the 910 days to preserve the benefit. While the 910-car-claim provision identifies a particular group of creditors, the time period commences with the sale of a car and not the accrual of any cause of action. In this respect, it is more akin to a statute of repose – setting an outside limit for when the debtor will be liable for the full claim amount in bankruptcy. The 910-car-claim provision may more aptly be described as a statute of enhancement which gives a car financier special treatment in a bankruptcy filed within 910 days of a vehicle purchase. The car financier is not entitled to this treatment under non-bankruptcy law. If bankruptcy is never filed, the creditor's remedy upon default is to repossess the vehicle, resell it in a commercially reasonable manner, and pursue an unsecured deficiency claim, if any. Therefore, the debtor's intervening bankruptcy does not give the debtor an unfair advantage and does not deprive the creditor of a right it would otherwise possess. In other words, the 910-car-claim provision enhances the creditor's rights for a period of time, but a bankruptcy filed more than 910 days after purchasing the vehicle does not cause the creditor to lose its rights under non-bankruptcy law. In contrast, *Young* found an intervening bankruptcy could eat away the IRS's time to pursue a delinquent tax claim. The 910-car-claim provision expands a car financier's arsenal of rights beyond those it would have outside bankruptcy; it does not limit them. Thus, the 910-car-claim provision is not a statute of limitation and equitable tolling can not apply.

Toyota's objection to confirmation is DENIED.

---

[20] *Id.*, 2008 WL 2970391, at *3.
[21] *Lampf, Pleva, Lipkind, Prupis, & Petigrow,* 501 U.S. at 363.

- 6 -

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS